ERIC D. KATZ, ESQ.
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs

UNITED STATES DISTRCIT COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

| | |
|---|---|
| RIDGEWOOD ORTHOPAEDIC GROUP | 07 CV 887 (JAG)(ES) |
| Plaintiff, | |
| vs. | |
| UNITED PARCEL SERVICE OF AMERICA, INC.; UPS HEALTH & WELFARE PACKAGE; LIBERTY INSURACE CORPORATION; LIBERTY MUTUAL INSURANCE COMPANY; and AETNA, INC., | **SECOND AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiff, Ridgewood Orthopaedic Group ("Ridgewood"), by way of Complaint, alleges as follows:

### JURISDICTION

1. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### THE PARTIES

2. Plaintiff, Ridgewood is a is a full service orthopedic medical practice, having its main office located at 85 South Maple Avenue, Ridgewood, New Jersey 07450. At all relevant

times, the plaintiff was (and is) an "out-of-network" medical practice that provided various medical services to defendant's employee.

3. Defendant, United Parcel Service of America, Inc. ("UPS") is a package delivery company and maintains its corporate headquarters at 55 Glenlake Parkway, NE, Atlanta, GA 30328.

4. Defendant, UPS Health & Welfare Package ("The Plan") is an employee welfare benefit plan established and maintained by defendant, UPS.

5. Defendant, Liberty Insurance Corporation ("LIC") is an insurance company who issued the workers' compensation insurance applicable to employee, W.D. to defendant, UPS.

6. Defendant, Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company responsible for processing W.D.'s workers' compensation claim.

7. Defendant, Aetna, Inc. is the third-party administrator responsible for processing W.D. claims submitted to The Plan.

## SUBSTANTIVE ALLEGATIONS

8. Upon information and belief, at all relevant times, UPS employed the following individual, who was injured while performing job functions in his capacity as a UPS employee, or in the alternative, who was injured at home, not while performing job functions in his capacity as a UPS employee:

| PATIENT INITIALS | DATES OF SERVICE |
| --- | --- |
| W.D. | 6-20-05 |

9. As a result of these injuries, W.D. underwent emergency spine surgery performed by co-surgeon Arnold Criscitello, M.D. on June 20, 2005. Ridgewood billed its usual, customary and reasonable ("UCR") fee in the amount of $90,606.00.

10. The UCR fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the plaintiff, normally charge to their patients in the free market, i.e., without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

11. With respect to the services at issue rendered to W.D., defendants refused to pay the plaintiff for such services and refused to advise or place on notice its workers' compensation carrier of the employee's injuries on the job and the employee's resulting need for surgery.

12. In the alternative, if this was not a work-related injury, pursuant to N.J.A.C. 11:22-5.6(b), 11:24-5.3(b), 11:24-5.1(a), and 11:24-9.1(d), defendants were obligated to pay Ridewood 100% of its UCR fees, less the patient's copay, co-insurance or deductible for the emergency services provided. Contrary to New Jersey administrative code provisions, however, to date, defendants have not paid anything for the surgical services rendered and plaintiff's significant bill of over $90,606.00 remains outstanding.

13. By and through this lawsuit, Ridgewood now seeks damages, due to defendants' actions that have resulted in plaintiff not receiving payment for the significant medical services rendered.

14. The claims in this lawsuit do not arise under ERISA, do not arise from an assignment of benefits and do not arise under any purported federal common law or doctrine. Ridgewood is not an ERISA beneficiary or participant. All of the subject claims arise from New Jersey state law.

## FIRST COUNT
### (Promissory Estoppel)

15. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

16. Ridgewood rendered emergency medical services to W.D. for injuries suffered in the employee's scope of employment and therefore, plaintiff expected to be paid its UCR fee.

17. In reliance on said expectation, Ridgewood provided the employee with "medically necessary" emergency care and treatment.

18. Defendants have not paid Ridgewood for the emergency medical services rendered to W.D.

19. Defendants' actions have therefore caused plaintiff to suffer a detriment of a definite and substantial nature in reliance thereon, thus constituting an actionable claim pursuant to the doctrine of promissory estoppel.

20. Ridgewood has suffered significant damages as a result.

WHEREFORE, plaintiff demands judgment against defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## SECOND COUNT
### (Unjust Enrichment)

21. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

22. At all relevant times, defendants consistently and systematically refused to pay plaintiff for the medical services it provided to W.D.

23. The defendants have therefore been unjustly enriched through the use of funds that earned interest or otherwise added to its profits when said money should have been paid in a timely and appropriate manner to the plaintiff.

24. As a result of the defendants' unjust enrichment, Ridgewood has suffered damages.

WHEREFORE, plaintiff demands judgment against defendants for:

a) Compensatory damages;

b) Interest;

b) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### THIRD COUNT
### (Breach of Contract)

25. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

26. Defendants agreed and/or constructively agreed to compensate plaintiff with its UCR fee for the medical services provided.

27. Following the rendering of medical services, however, defendants did not compensate plaintiff with its UCR fees despite said agreement.

28. By virtue of the foregoing, defendants committed breach of contract and plaintiff has been damaged as a result.

WHEREFORE, plaintiff demands judgment against defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff
Ridgewood Orthopaedic Group

By: s/Eric D. Katz
   ERIC D. KATZ

DATED: March 20, 2008

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiff
Ridgewood Orthopaedic Group

By: s/Eric D. Katz
   ERIC D. KATZ

DATED: March 20, 2008

H:\EDK\Ridgewood Orthopedic\UPS\Second Amended Complaint (Ridgewood) 3-10-08.doc